EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
NIKI SHAFFER
Deputy Attorney General
A. NATASHA CORTINA, State Bar No. 156368
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2220
Fax: (619) 645-2191
Email: Natasha.Cortina@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAFAEL JASSO,** Petitioner, | 08-0548 JAH (LSP) |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| **ROBERT T. HERNANDEZ, Warden,** Respondent. | Judge: Hon. Leo S. Papas |

## MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner Rafael Jasso claims in the present petition that trial counsel suffered a conflict of interest and was ineffective. All of the claims in his petition are not only unexhausted but also barred by the one year limitations period because Jasso did not present his claims to the California Supreme Court and waited almost three years after his judgment was affirmed by the California Court of Appeal, Fourth Appellate District to file a federal habeas petition. Consequently, Jasso's petition must be dismissed with prejudice.

///

## STATEMENT OF THE CASE

After a San Diego County jury found Jasso guilty of attempted criminal threats (Cal. Penal Code, §422/664) and the trial court found true the allegation that Jasso had a prior strike (Cal. Penal Code, §667(b)-(i), 1170.2.12), two prior serious felonies (Cal. Pen. Code, §667(a)(1)) and one prison prior (Cal. Penal Code, §667.5(b)), the trial court sentenced Jasso to 35 years to life in state prison. (Lodgment No. 1; First Amend. Petn. 1-2.) Jasso appealed the judgment to the California Court of Appeal, Fourth Appellate District, Division One on grounds not raised in the present Petition. (Lodgment 1.) On July 13, 2005, the California Court of Appeal, Fourth Appellate District, Division One affirmed the judgment. (Lodgment 1; Petn. at 2.) Jasso did not file a petition for review or a petition for writ of habeas corpus in the California Supreme Court. (Lodgment 2; Petn. 2[1/].) While this alone would justify dismissal (28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 1203-05, 71 L. Ed. 2d 379 (1982); *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986), as set forth more fully below, the fact of Jasso's delay beyond the limitations period mandates dismissal with prejudice.

## ARGUMENT

## THE PETITION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") became law on April 24, 1996, and applies to Jasso's Petition. *Smith v. Robbins*, 528 U.S. 259, 268 n.3, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). As amended by the AEDPA, 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

1. In Jasso's original petition he candidly conceded he did not present any claims to the California Supreme Court. (Petn. 2.) In the instant First Amended Petition, however, he indicates that he sought and was denied review in the California Supreme Court but instead only provides the case number for his federal habeas petition.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Jasso's state court judgment became final on direct appeal on Monday, August 22, 2005, 40 days after the California Court of Appeal filed its decision. See Cal.Rules of Court, rules 24(a), 28(b), 45(a); Cal. Civ. Proc. Code, §12a; *Smith v. Duncan,* 297 F.3d 809, (9th Cir. 2002). The limitations period, therefore, was set to expire one year later, on August 22, 2006. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Jasso constructively filed the present Petition on March 16, 2008, more than two years and six months after the limitations period expired. *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000) (habeas petitioners are entitled to the benefit of the prison mailbox rule). Thus, the Petition is untimely unless Jasso is entitled to a later filing date under 28 U.S.C. § 2244(d)(1)(B)-(D), or statutory or equitable tolling.

Jasso is not entitled to a limitation period later than the conclusion of the direct review process based on the provisions of §2244(d)(1)(B), (C) or (D). There were no state impediments that prevented Jasso from timely filing the present Petition, the constitutional right Jasso claims was violated – effective assistance of counsel – was not newly recognized and the factual predicates of Jasso's claims have been known since trial.

He is also not entitled to any statutory or equitable tolling (assuming it applies) since Jasso made no effort in the intervening two and half years to seek review of his judgment. *See Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007) (declining to determine if AEDPA is subject to equitable tolling). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). Few cases warrant

equitable tolling. "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Jasso's inexplicable and complete abandonment of his claims for over two years and six months is manifestly not a case warranting equitable tolling.

## CONCLUSION

The Petition should be dismissed with prejudice because Jasso filed it more than two years and six months after AEDPA's one-year limitations period expired.

Dated: July 16, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

NIKI SHAFFER
Deputy Attorney General

s/A. Natasha Cortina
Deputy Attorney General
Attorneys for Respondent
natasha.cortina@doj.ca.gov

ANC:gnn
80260653.wpd
SD2008700525

**CERTIFICATE OF SERVICE**

Case Name: **Jasso v. Hernandez** Case No.: **08-0548 JAH (LSP)**

I declare:

On July 16, 2008, I electronically filed the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

## Electronic Mail Notice List

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:

NONE

## Manual Notice List

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

Rafael Jasso
H-86397
R.J. Donovan Correctional Facility
P.O. Box 799001
San Diego, California 92179
*In Pro Se*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 16, 2008, at San Diego, California.

| G. Nolan | [signature] |
|---|---|
| Declarant | Signature |

SD2008700525
80260825.wpd