UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAPHAEL JASSO, | ) | Civil No. 08-0548-JAH(PCL) |
| Petitioner, | ) ) | **ORDER:** |
| v. | ) ) | **GRANTING PETITIONER'S MOTION** |
| ROBERT T. HERNANDEZ, Warden, | ) ) | **FOR EQUITABLE TOLLING (DOC.** |
| Respondent. | ) ) | **#18)** |
| | ) ) ) | **DENYING AS MOOT PETITIONER'S MOTION TO STAY AND ABEY (DOC. #18)** |
| | ) ) ) | **DENYING RESPONDENT'S MOTION TO DISMISS (DOC. #8)** |

**I.**

**BACKGROUND**

On March 16, 2008, Raphael Jasso ("Petitioner"), a state prisoner proceeding pro se, filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. On June 2, 2008, Petitioner filed a First Amended Petition. On July 16, 2008, Respondent Robert Hernandez ("Respondent") filed a Motion to Dismiss the First Amended Petition. On August 19, 2008, Petitioner filed a Motion for Appointment of Counsel. On

August 26, 2008, the Court granted Petitioner's Motion for Appointment of Counsel due to Petitioner's allegations that he was mentally incompetent to proceed *pro se*. On September 16, 2008, the Court held a Status Conference. On November 5, 2008, Respondent filed a Supplemental Brief to his Motion to Dismiss. On November 26, 2008, Petitioner's appointed counsel filed a Petition for Writ of Habeas Corpus in the California Supreme Court for purposes of exhausting Petitioner's state court remedies. On January 5, 2009, Petitioner filed a Second Amended Protective Petition for Writ of Habeas Corpus.

Respondent seeks dismissal of the First Amended Petition by claiming that it is barred by the statute of limitations and contains unexhausted claims. Petitioner seeks to have the Second Amended Petition stayed and for the Court to determine whether his Petition is entitled to equitable tolling of the statute of limitations.

## II.

## PROCEDURAL HISTORY

Petitioner was convicted of attempted criminal threats. Petitioner had a prior strike conviction, two prior serious felonies and one prison prior. Petitioner was sentenced to 35 years to life imprisonment for each of his convictions. (Respondent's Lodgment No. 1)

Petitioner appealed his conviction. On July 13, 2005, the California Court of Appeal affirmed Petitioner's conviction. (Respondent's Lodgment No. 1)

Petitioner did not file a Petition for Review or Petition for Writ of Habeas Corpus in the California Supreme Court. (Respondent's

Lodgment No. 2) On March 16, 2008, Petitioner constructively[1] filed a Petition for Writ of Habeas Corpus in this Court. On June 2, 2008, Petitioner filed a First Amended Petition for Writ of Habeas Corpus. On July 16, 2008, Respondent filed a Motion to Dismiss the First Amended Petition.  Petitioner did not file an Opposition to Respondent's Motion to Dismiss.  Instead, Petitioner filed Motions to Stay & Abey Federal Proceedings and for Equitable Tolling of the Statute of Limitations

### III.

### DISCUSSION

**A.   Petitioner's Petition is Barred by the Statute of Limitations**

Respondent argues that the Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("the AEDPA") statute of limitations.  The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 2068 (1997).  Therefore, because the original Petition was filed on March 16, 2008, the AEDPA applies to this case.

With enactment of the AEDPA, a state prisoner's time frame for seeking federal habeas relief was dramatically limited.  The AEDPA provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court.  Section 2244(d) states, in pertinent part:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of -

---

[1] The Court gives Petitioner the benefit of the mailbox rule which deems a petition for writ of habeas corpus filed on the date the Petition is given to prison officials for mailing and filing. Anthony v. Cambra 236 F.3d 568, 575 (9th Cir. 2000)

1        (A)  the date on which the judgment became final
          by the conclusion of direct review or the expira-
2            tion of the time for seeking such review;

3        (B)  the date on which the impediment to filing an
          application created by State action in violation
4            of the Constitution or laws of the United States
          is removed, if the applicant was prevented from
5            filing by such State action;

6        (C)  the date on which the constitutional right
          asserted was initially recognized by the Supreme
7            Court, if the right has been newly recognized by
          the Supreme Court and made retroactively applica-
8            ble to cases on collateral review; or

9        (D)  the date on which the factual predicate of
          the claim or claims presented could have been
10           discovered through the exercise of due diligence.

11   (2)  The time during which a properly filed application for
      State post-conviction or other collateral review with re-
12     spect to the pertinent judgment or claim is pending shall
      not be counted toward any period of limitation under this
13     subsection.

14 28 U.S.C.A. § 2244(d) (West Supp. 1998).

15     Direct review of Petitioner's judgment concluded on **August 22,**

16 **2005**, forty days after the period in which to file a Petition for

17 Review with the California Supreme Court expired. See 28 U.S.C.

18 §2244(d)(1)(A); <u>Smith v. Duncan</u> 297 F.3d 809, 812 (9th Cir. 2002).

19     Therefore, absent tolling under AEDPA, Petitioner had until

20 **August 22, 2006**, to file his Petition For Writ of Habeas Corpus with

21 this Court.  The statute of limitations is <u>not</u> <u>tolled</u> from the time a

22 final decision is issued on direct state appeal and the time the first

23 state collateral challenge is filed because there is no case "pending"

24 during that interval.  <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999).

25 Here, Petitioner did not file any state collateral challenges to his

26 conviction. Therefore, the statute of limitations was <u>not tolled</u> from

27 the date the judgment became final on **August 22, 2005** until he filed

28 his original Petition for Writ of Habeas Corpus in this Court on **March**

**16, 2008. 937 days** (2 years, 6 months, 23 days) elapsed between August 22, 2005 and March 16, 2008. Therefore, Petitioner failed to file his Petition for Writ of Habeas Corpus in this Court before the statute of limitations expired.

**B.   Petitioner's Motion for Equitable Tolling of the Statute of Limitations ("MET")**

In Petitioner's MET, Petitioner states that he did not file his Petition within AEDPA's one-year statute of limitations because extraordinary circumstances beyond his control made it impossible for him to file a timely petition. Specifically, Petitioner claims that he suffers from serious mental illnesses, is "incompetent," can bearly read or write, and is taking several psychotropic medications. (MET at 5)

In order for Petitioner to show that he is entitled to equitable tolling of the statute of limitations due to his mental illnesses, Petitioner must present to the Court evidence of his mental illnesses during the time period that the statute of limitations was not tolled (August 22, 2005 to March 16, 2008).

   1.   <u>Petitioner is Entitled to Equitable Tolling of the Statute of Limitations</u>

The United States Supreme Court has established a two-part test to determine whether a petitioner is entitled to equitable tolling of the statute of limitations. In <u>Pace v. DiGuglielmo</u> 544 U.S. 408, 418 (2005), the Court held that generally, a litigant seeking equitable tolling of the statute of limitations bears the burden of establishing (1) that he has been pursuing his rights diligently and, (2) that some extraordinary circumstance stood in his way.

Equitable tolling of the one-year statute of limitations is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the untimeliness. <u>Spitsyn v. Moore</u> 345 F.3d 796, 799 (9th Cir. 2003)

Therefore, whether the limitations period for Petitioner's Petition should be tolled depends on whether his mental illnesses between August 22, 2005 and March 16, 2008 constituted the kind of extraordinary circumstances beyond his control that made timely filing impossible.

A habeas petitioner's mental incompetency is a condition that is an extraordinary circumstance beyond his control that justifies tolling of the statute of limitations <u>Calderon v. U.S. District Court (Kelly)</u> 163 F.3d 530, 541 (9th Cir. 1988), abrogated on other grounds in <u>Woodford v. Garceau</u> 538 U.S. 202 (2003)  Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an "extraordinary circumstance beyond (his) control," and the deadline should be equitably tolled. <u>Laws v. LaMarque</u> 351 F.3d 919, 923 (9th Cir. 2003)

On June 19 and July 29, 2009, Petitioner submitted his medical and psychiatric records to the Court, dated from August 2005 to March 2008.  The medical records indicate the following:

1. Petitioner suffers from Schizo-Affective Disorder, Depressive Type and possible Bi-Polar Disorder. (Petitioner's Lodgment No. 3, RJ 581)

2. Since 1992 or 1993, Petitioner has suffered from a seizure disorder, which is believed to have been caused by severe head trauma. (Petitioner's Lodgment No. 3, RJ 388)

3. From before August 2005 to March 2008, the seizure disorder caused Petitioner to have been intermittently hospitalized.

4. Prior to August 2005, Petitioner attempted suicide. From November 2006 to January 2007, Petitioner was a patient at Vacaville State Hospital, where he was treated for depression, suicidal ideation, self-injurious behavior, and seizures. (Petitioner's Lodgment No. 3, RJ 388, 456, 464, 465)

5. From March 2007 to December 2007, Petitioner suffered from depression, paranoia and auditory hallucinations. (Petitioner's Lodgment No. 3, RJ 519-569)

6. From August 2005 to March 2008, Petitioner was treated with the following medications:

    a. Prolixin, a medication used for treatment of schizophrenia, paranoia, hallucinations and bi-polar disorder (www.about.net);

    b. Buspar, a medication used for the treatment of anxiety disorders (www.medicine.net);

    c. Paxil, a medication used for the treatment of depressive, anxiety, and panic disorders (www.drugs.com);

    d. Cogentin, a medication used for the treatment of muscle spasms when they are caused by medications such as Prolixin (www.drugs.com);

    e. Thorazine, a medication used for the treatment of schizophrenia or manic depression (www.drugs.com);

    f. Zyprexa, a medication used for the treatment of schizophrenia and bi-polar disorder (www.drugs.com);

    g. Geodon, a medication used for the treatment of schizophrenia and bi-polar disorder (www.drugs.com);

   h. Tegretol, a medication used for the treatment of seizures and bi-polar disorder (www.drugs.com);

   i. Dilantin, a medication used for the treatment of seizures (www.drugs.com);

   j. Haldol, a medication used for the treatment of schizo-phrenia. Haldol may cause muscle spasms. (www.drugs.com);

   k. Aripiprazole, a medication used for the treatment of schizophrenia (www.drugs.com);

   l. Wellbutrin, a medication used for the treatment of major depression. Wellbutrin is associated with an increased risk of seizures. (www.drugs.com).

(Petitioner's Lodgment No. 3, RJ 1-607, RJ Supp. 1-230)

  The Court's review of Petitioner's medical and psychiatric records from August 2005 through March 2008, indicates that Petitioner's mental illnesses are extraordinary circumstances beyond his control, that made it impossible for him to file a timely petition.

  From before August 5, 2005 through March 2008, Petitioner was prescribed and took numerous medications used to treat his schizophrenia, suicidal ideation, depression and seizure disorder. During that time, Petitioner complained of auditory hallucinations.

  From November 2006 to January 2007, Petitioner's medical and psychiatric records show a marked deterioration in his mental health. During that time, Petitioner was a patient at Vacaville State Hospital for treatment of his depression, suicidal ideation, self-injurious behavior and seizures.

  The entirety of Petitioner's medical and psychiatric records raises doubts about Petitioner's capacity to have timely filed a Petition for Writ of Habeas Corpus. The symptoms Petitioner has

suffered appear to be serious and debilitating.  In all likelihood, they have left him with limited amounts of energy and even more limited ability to think about things clearly and consistently.  The Court doubts that Petitioner fully understood the importance of deadlines and the requirements for timely filing a Petition for Writ of Habeas Corpus.

Therefore, Petitioner has established that his Petition is entitled to equitable tolling of the statute of limitations.  As a result, Petitioner's Motion for Equitable Tolling of the Statute of Limitations is GRANTED.

**C.     Petitioner's Motion to Stay & Abey Federal Habeas Proceedings**

The United States Supreme Court has held that a stay and abeyance is only appropriate when the district court finds that the petitioner has good cause for failure to exhaust his state court remedies, the claims are not plainly meritless and petitioner has not engaged in intentional delay. <u>Rhines v. Weber</u> 544 U.S. 267, 277-278(2008)

Petitioner seeks to stay and abey the proceedings in this Court because he has presented good cause for his failure to exhaust his state court remedies, his claims are meritorious and he has not engaged in intentional delay.  Respondent opposes Petitioner's Motion to Stay and Abey because Petitioner failed to establish any of the criteria stated in <u>Rhines</u>.

On November 26, 2008, Petitioner's appointed counsel filed a Petition for Writ of Habeas Corpus in the California Supreme Court for purposes of exhausting Petitioner's state court remedies.  The Petition for Writ of Habeas Corpus filed in the California Supreme Court contained all the claims that were unexhausted in Petitioner's original Petition.  On May 20, 2009, the California Supreme Court denied

the Petition. As a result, Petitioner's claims are now exhausted. Therefore, Petitioner's Motion to Stay & Abey Federal Habeas Proceedings is DENIED as moot.

**D.     Respondent's Motion to Dismiss**

Respondent asserts that the Court should dismiss the First Petition because it is time-barred, and not entitled to equitable tolling of the statute of limitations. Respondent further asserts that the First Amended Petition should be dismissed because it contains unexhausted claims.

However, the Court has found that while the Petition is time-barred, it is entitled to equitable tolling of the statute of limitations during the entire time interval that the statute of limitations was not tolled. (See Section II.B. of this Order.)  Further, the Court has found that Petitioner's claims are now exhausted. (See Section II.C. of this Order.) Therefore, Respondent's Motion to Dismiss is DENIED.

**IV.**

**CONCLUSION**

The Court, having reviewed the Petition for Writ of Habeas Corpus filed in this case, Petitioner's Motion for Equitable Tolling of the Statute of Limitations and Motion to Stay & Abey Federal Habeas Proceedings, Respondent's Opposition to the Motion to Stay & Abey and Respondent's Motion to Dismiss, and GOOD CAUSE APPEARING, HEREBY ORDERS:

1. Petitioner's Motion for Equitable Tolling of the Statute of Limitations is **GRANTED**;
2. Petitioner's Motion for Stay & Abey is **DENIED** as moot.
3. Respondent's Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED THAT:**

Respondent shall file and serve an Answer to the Petition pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **September 18, 2009**. At the time the Answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

Petitioner may file a Traverse to matters raised in the answer no later than **October 9, 2009.** Any Traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the Answer; (b) shall be limited to facts or arguments responsive to matters raised in the Answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the Traverse will not be considered. No Traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

**IT IS SO ORDERED.**

DATED: August 20, 2009

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable John A. Houston
    All Parties and Counsel of Record

12

08cv0548