UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL JASSO,<br><br>　　　　　Petitioner,<br>v.<br>ROBERT T. HERNANDEZ, Warden,<br>　　　　　Respondent. | Civil No. 08-0548-JAH(WVG)<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DOC # 37]; AND DENYING PETITION FOR WRIT OF HABEAS CORPUS [DOC. # 17]** |

## INTRODUCTION

Petitioner Rafael Jasso ("Petitioner"), a prisoner appearing with counsel, filed a writ of habeas corpus under 28 U.S.C. §2254, challenging his conviction on various grounds. Respondent filed an answer and Petitioner filed a traverse. Pursuant to 28 U.S.C. §636(b)(1), the Honorable William Gallo, United States Magistrate Judge, submitted a report and recommendation ("Report"), recommending that the instant petition be denied in its entirety. After careful consideration of the parties' submissions and the Report, this Court **ADOPTS** the Report in full and **DENIES** the petition.

## DISCUSSION

1.  **Legal Standard**

　　A district court "shall make a de novo determination of those portions of the report

. . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). When no objections are filed by the parties, the district court may adopt the finding of fact in the magistrate judge's report, but must still review findings of law de novo. Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).

**2.     Analysis**

Petitioner did not file any objections to the Report. Accordingly, this Court adopts the factual findings issued by Judge Gallo. Petitioner claims that (1) the admission of his prior bad acts violated his right to due process and a fair trial (claim one); (2) there was insufficient evidence to satisfy the elements of attempted criminal threats (claim two); (3) his sentence of 35 years to life imprisonment constitutes cruel and unusual punishment in violation of the Eighth Amendment (claim three); and (4) he received ineffective counsel in violation of the Sixth Amendment (claim four). The magistrate judge found the aforementioned claims meritless and recommended the instant petition be denied in its entirety. This Court will review each claim in turn.

**A.     Admission of Prior Bad Acts**

In claim one, Petitioner alleges that his right to due process and a fair trial were violated when the trial court admitted evidence of a prior bad act. Doc. 37 at 8. Petitioner claims the admission of Santiago's trial testimony stating he heard Petitioner had stabbed someone before and Santiago's 911 call in which he states that Petitioner "ha(d) a reputation of having injured people with a knife," [Id. (citing Lodgment No. 1 at 23, 25-31)], unduly prejudiced the jury and rendered his trial fundamentally unfair. Doc. 36 at 11. The magistrate judge determined the trial court properly ruled that "the evidence was relevant to prove the criminal threat element and victim's fear element of the charged crime, Petitioner's intent that his statements be taken as threats, and that the evidence was not more prejudicial than probative." Doc. 37 at 9 (citing Respondent's Lodgment No. 2 at 18-25). This Court agrees that admission of the evidence was not "arbitrary or so

prejudicial that it rendered the trial fundamentally unfair." Id. at 10 (citing Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995)). Therefore, this Court adopts in full the magistrate judge's findings and conclusions presented in support of the magistrate judge's recommended denial of claim one.

**B.     Sufficiency of Evidence**

In claim two, Petitioner alleges his conviction violated his right to due process because there was insufficient evidence to satisfy all of the elements of the charged crime, attempted criminal threats. Specifically, Petitioner claims his statements to Santiago lacked the requisite immediacy and specificity "to convey a gravity of purpose and an immediate prospect of execution." Id. at 12. The magistrate judge determined that the record was "replete with evidence that Petitioner aggressively, menacingly, and angrily approached Santiago over at least a 20 minute period" and "unconditionally threatened to break Santiago's taxi cab's windows and put Santiago in the trunk of his own cab." Id. at 16 (citing Respondent's Lodgment No. 2 at 48, 51, 73-75, 93-95, 102, 104). This Court's review of the record finds that the magistrate judge accurately concluded the requisite elements of attempted criminal threats were met beyond a reasonable doubt. Therefore, this Court adopts in full the magistrate judge's findings and conclusions presented in support of the magistrate judge's recommended denial of claim two.

**C.     Cruel and Unusual Punishment**

In claim three, Petitioner alleges his sentence of 35 years to life imprisonment constitutes cruel and unusual punishment in violation of the Eighth Amendment. Id. at 17-18. Petitioner claims the maximum sentence for the crime of attempted criminal threats is 18 months. Petitioner further claims that attempted criminal threats can be a misdemeanor because it is a "wobbler offense," an offense punishable as a felony or misdemeanor (Cal. Penal Code §422). According to Petitioner this makes a 35 year to life sentence grossly disproportionate, even under the Three Strikes Law. Doc. 36 at 6. The magistrate judge determined that the Eighth Amendment does not require strict proportionality. Doc. 37 at 18. Rather, the Eighth Amendment forbids extreme sentences

that are 'grossly disproportionate' to the crime. Id. at 18 (citing Ewing v. California, 538 U.S. 11 (2003)). Sentences under the Three Strikes Law have been overturned where the triggering offense or prior criminal history of the defendant was not sufficiently serious. Id. at 19. The magistrate judge properly concluded that Petitioner's lengthy criminal record beginning in 1978, repeated jail sentences since 1983, and history of violent convictions, including a 1996 conviction for assault with a deadly weapon with personal infliction of great bodily injury, does not constitute the "exceedingly rare and extreme case" to which the gross proportionality principle applies. Id. at 18 (citing Lockyer v. Andrade, 538 U.S. 63, 73 (2003)). Therefore, this Court adopts in full the magistrate judge's findings and conclusions presented in support of the magistrate judge's recommended denial of claim three.

### D.     Ineffective Assistance of Counsel

In claim four, Petitioner alleges he received ineffective assistance of counsel in violation of the Sixth Amendment. Specifically, Petitioner alleges counsel (1) failed to raise his mental incompetence to stand trial and assist in his defense; (2) failed to inform Petitioner of his potential life sentence under the Three Strikes Law and; (3) failed to file a petition to exhaust his state court remedies.

#### 1. Issue of Petitioner's Mental Incompetence

Petitioner alleges his attorney had reason to question his mental competency during trial and should have requested a competency hearing. Doc. 36 at 9. Petitioner claims he suffered from bipolar disorder, schizophrenia, depression, complained of hearing voices, was on suicide precaution status, and took several psychotropic medications throughout the trial proceedings. Id. at 8-9. The magistrate judge found that the only time Petitioner's mental state was addressed was in the Probation Officer's Report, wherein the Officer stated "there were no possible circumstances in mitigation that should be considered in sentencing." Doc. 37 at 27. The magistrate judge determined there was no evidence in the record that Petitioner was incompetent to stand trial and instead found much evidence to the contrary. Id. at 29. That evidence includes Petitioner's motion to replace his counsel

in which he exhibited the ability to formulate his opinion that he disagreed with his counsel's advice. Id. Further, against counsel's advice, Petitioner submitted a neatly written letter to the court which acknowledged he faced a life sentence. Id. The magistrate also found "[p]etitioner was aware and sought help for his medical and mental illnesses when the need arose." Id. at 30. Finally, the medical and psychiatric records that Petitioner submitted with his Motion for Equitable Tolling confirmed Petitioner's competency to stand trial. Id.

### 2. Failure to Inform Petitioner of Potential Life Sentence

Petitioner next alleges his counsel acted ineffectively by failing to inform Petitioner that he faced a life sentence. Doc. 36 at 10. Petitioner claims his mental incompetence during trial made it unreasonable for his counsel to assume Petitioner understood "he faced a life sentence from the fact that he was subject to the three strikes law." Id. The magistrate judge determined that the record fails to show any evidence that would lead the court to conclude counsel had not made Petitioner aware of the potential life sentence he faced. Doc. 37 at 33. Instead, the magistrate judge determined it was reasonable to conclude that Petitioner's counsel discussed the Information filed against Petitioner which indicated he was subject to California's Three Strikes Law. Id. The magistrate judge also determined that the letter Petitioner submitted to the court wherein Petitioner stated he understood he faced a 25 year to life sentence and simply could not "bear the thought of spending the rest of [his] life isolated from [his] family" (Id. at 29), affirmed Petitioner's knowledge of the potential life sentence. Id. at 34.

### 3. Failure to File Petition to Exhaust State Court Remedies

Finally, Petitioner alleges he was prejudiced by appellate counsel's failure to exhaust his state court remedies. Id. at 35. The magistrate judge determined that Petitioner does not have a right to be represented by counsel to file a petition to the California Supreme Court in order to exhaust his state court remedies. Id. As such, the magistrate judge determined the action or inaction of appellate counsel in this regard does not give rise to a claim for ineffective assistance of counsel. Id.

This Court finds that the magistrate judge presents a cogent analysis of the issues presented. Therefore, this Court adopts in full, the magistrate judge's findings and conclusions presented in support of the magistrate's recommended denial of claim four.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The magistrate judge's findings and conclusions contained in the Report and Recommendation are **ADOPTED** in full;
2. The instant petition is **DENIED** in its entirety; and
3. The Clerk of Court shall enter judgment accordingly.

Dated: April 4, 2011

_____
JOHN A. HOUSTON
United States District Judge